# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHERNARD WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02269-SHM-tmp |
| | ) | |
| WILLIAM SMITH; and C. BROWN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER

This is a § 1983 case asserting, <u>inter alia</u>, a claim of excessive force by City of Memphis police officers. On April 19, 2017, Plaintiff Shernard Wallace, an inmate at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a pro se Complaint under 42 U.S.C. § 1983. (ECF No. 1.) Wallace filed an Amended Complaint on August 10, 2017. (ECF No. 7.) Wallace filed a Second Amended Complaint on January 8, 2018. (ECF No. 12.)

Before the Court are four motions. In three motions (hereafter, Wallace's "Motions to Amend"), two filed on July 11, 2019 and one filed on August 15, 2019, Wallace seeks leave to file further amendments to his Second Amended Complaint. (ECF Nos. 38-39, 41.) In a fourth motion (hereafter, Wallace's

"Second Motion for Reconsideration"), filed October 7, 2019, Wallace asks the Court to reconsider its previous order denying appointment of counsel. (ECF No. 42.)

For the following reasons, Wallace's three Motions to Amend and his Second Motion for Reconsideration are DENIED.

## I.  Background

On May 4, 2016, Wallace was charged by the State of Tennessee with possession of cocaine with intent to manufacture, deliver or sell. (See Shelby County Criminal Justice System Portal, Case No. 1600343, https://cjs.shelbycountytn.gov/.) On May 5, 2016, Wallace was charged by the State of Tennessee with simple possession of cocaine and with resisting official detention. (Id.) On November 23, 2016, a state grand jury returned an indictment against Wallace on those charges. (Id.) On May 7, 2019, Wallace pled guilty to possession of a controlled substance. (Id.) The charge of possession of cocaine with intent to manufacture, deliver, or sell and the charge of resisting official detention were dismissed nolle prosequi. (Id.)

Wallace alleges that on May 4, 2016, Defendant William Smith, a City of Memphis police officer, pulled up to Wallace's parked vehicle and advised Wallace that his front right headlight was out. (ECF No. 12-3 at 1.) Wallace alleges that he exited his vehicle and started to leave the scene and that Smith chased

2

Wallace and caused Wallace to fall approximately twenty to twenty-five feet. (Id.) Wallace alleges that, during the chase, Defendant Chris Brown, another City of Memphis police officer, struck Wallace in the face several times and put him in a choke-hold while Smith punched Wallace in the side and back. (Id. at 3.) Wallace alleges that, after he had been placed in handcuffs, Smith and Brown continued to beat him. (Id.)

On April 19, 2017, Wallace filed a pro se Complaint under 42 U.S.C. § 1983. (ECF No. 1.) On August 10, 2017, Wallace filed an Amended Complaint. (ECF No. 7.) On December 6, 2017, the Court dismissed the Amended Complaint but granted leave to amend. (ECF No. 10.) On January 8, 2018, Wallace filed a Second Amended Complaint. (ECF No. 12.) On April 30, 2018, the Court dismissed all but one of Wallace's claims in the Second Amended Complaint. (ECF No. 15.) The Court held that the Second Amended Complaint states a plausible excessive force claim under the Fourth Amendment against Defendants Brown and Smith. (Id. at 4.)

On August 10, 2017, Wallace filed a motion for appointment of counsel. (ECF No. 8.) On December 6, 2017, the Court denied Wallace's motion for appointment of counsel. (ECF No. 10 at 8-9.) On July 23, 2018, Wallace moved for reconsideration of the Court's denial of his motion for appointment of counsel. (ECF

No. 21.)  On February 19, 2019, the Court denied Wallace's motion
for reconsideration.  (ECF No. 36.)

Wallace moves for leave to amend his Second Amended
Complaint to add new claims against Defendants Brown and Smith
and putative defendants William L. Johnson and the State of
Tennessee.  (ECF Nos. 38-39, 41.)  Wallace moves for
reconsideration of the Court's prior order denying his motion
for appointment of counsel.  (ECF No. 42.)

## II.  Standard of Review

### A.  Motion to Amend

A "court should freely give leave [to amend] when justice
so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be
denied when amendment would be futile.  Beydoun v. Sessions, 871
F.3d 459, 469 (6th Cir. 2017).  "A proposed amendment is futile
if the amendment could not withstand a Rule 12(b)(6) motion to
dismiss."  Id. (quoting Riverview Health Inst. LLC v. Med. Mut.
of Ohio, 601 F.3d 505, 520 (6th Cir. 2010)).

Under the Prison Litigation Reform Act ("PLRA"), when a
prisoner files a civil complaint against "a governmental entity
or officer or employee of a governmental entity," the Court must
review the complaint and "dismiss the complaint, or any portion
of the complaint, if the complaint . . . is frivolous, malicious,
or fails to state a claim upon which relief may be granted."  28
U.S.C. § 1915A.  In asessing whether a complaint governed by the

PLRA states a claim upon which relief may be granted, courts apply the pleading standards of Federal Rule of Civil Procedure 12(b)(6) as applied in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a complaint's well-pleaded factual allegations as true and determines whether the allegations "plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." Iqbal, 556 U.S. at 679. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires, however, that the complaint make a "'showing', rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (quotation marks and citation omitted). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). District courts are not required "to ferret

out the strongest cause of action on behalf of <u>pro se</u> litigants."
<u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011).
A court "cannot create a claim which [a plaintiff] has not
spelled out in his pleading." <u>Brown v. Matauszak</u>, 415 F. App'x
608, 613 (6th Cir. 2011) (alteration in original) (quotation
marks and citation omitted).

### B.   Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly
contemplate motions for the reconsideration of interlocutory
orders.  However, "[d]istrict courts have authority both under
common law and Rule 54(b) to reconsider interlocutory orders and
to reopen any part of a case before entry of final judgment."
<u>Rodriguez v. Tenn. Laborers Health & Welfare Fund</u>, 89 F. App'x
949, 959 (6th Cir. 2004).  The Local Rules of the U.S. District
Court for the Western District of Tennessee provide that "[a]ny
party may move, pursuant to Fed. R. Civ. P. 54(b), for the
revision of any interlocutory order made by that Court . . . ."
LR 7.3(a).  A motion for reconsideration must "specifically show"
one of three elements:

> (1) [A] material difference in fact or law from that
> which was presented to the Court before entry of the
> interlocutory order for which revision is sought, and
> that in the exercise of reasonable diligence the party
> applying for revision did not know such fact or law at
> the time of the interlocutory order; or (2) the
> occurrence of new material facts or a change of law
> occurring after the time of such order; or (3) a
> manifest failure by the Court to consider material

6

> facts or dispositive legal arguments that were
> presented to the Court before such interlocutory
> order.

Id. 7.3(b). "No motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." Id. 7.3(c).

## III. Analysis

### A. Wallace's Motions to Amend

The Court "liberally construe[s]" Wallace's pro se Motions to Amend. Williams, 631 F.3d at 383. Wallace moves for leave to amend his Second Amended Complaint to add as many as five new claims: (1) a false arrest claim against Brown and Smith; (2) a malicious prosecution claim against the State of Tennessee; (3) an ineffective-assistance-of-counsel claim against Wallace's public defender, William L. Johnson; (4) a conspiracy claim against Brown, Smith, Johnson, and the State of Tennessee; and (5) an equal protection claim against Brown, Smith, Johnson and the State of Tennessee. (ECF No. 41 at 2-3.) Wallace seeks compensatory and punitive damages. (Id. at 4.)

Courts should grant leave to amend freely, but may deny leave to amend where amendment would be futile. Beydoun, 871 F.3d at 469. Here, amendment would be futile. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of

the United States, (2) committed by a "person" acting "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). As discussed infra, each of Wallace's proposed amendments fails to state a claim upon which relief could be granted under § 1983. Wallace's proposed amendments do not survive the Court's initial review of those claims pursuant to the PLRA. See 28 U.S.C. 1915A (directing courts to "dismiss [a prisoner] complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted").

### 1. False Arrest Claim

Wallace alleges that Brown and Smith "assaulted and arrested [him] without a probable cause of a criminal activity." (ECF No. 41 at 2.) The Court understands Wallace to assert a "false arrest" claim under the Fourth Amendment. See Parsons v. City of Pontiac, 533 F.3d 492, 500-01 (6th Cir. 2008). "In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." Id. (quotation marks and citation omitted). "For a police officer to have probable cause for arrest, there must be 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.'"

Crockett v. Cumberland Coll., 316 F.3d 571, 580 (6th Cir. 2003)

(quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)).

Wallace does not plausibly allege that he was arrested without probable cause. In his Second Amended Complaint, Wallace recites the facts of his arrest. He alleges that on May 4, 2016, Brown approached Wallace's parked vehicle and informed him that his front right headlight was out; that, "[u]pon opening [his] vehicle door to exit," Wallace "grabbed [his] personal items and started to leave"; and that Defendants Brown and Smith chased and apprehended him. (ECF No. 12-3 at 1.) Wallace was charged with possession of cocaine with intent to manufacture, deliver or sell; with simple possession of cocaine; and with resisting official detention. Supra, at 2. Wallace identifies no facts in his Second Amended Complaint or in his Motions to Amend to support his conclusory assertion that Brown and Smith arrested him without probable cause. See Grogg v. State, 2019 WL 386973, at *3 (6th Cir. Jan. 7, 2019) (affirming dismissal of § 1983 false arrest claim because "[plaintiff's] allegations with respect to [his] false-arrest claim were ultimately conclusory") (citing Iqbal, 556 U.S. at 678); Borum v. Williams, No. 14-cv-2718, 2015 WL 269250, at *4 (W.D. Tenn. Jan. 21, 2015) (dismissing § 1983 false arrest claim where the "vague and conclusory allegations of Plaintiff's complaint d[id] not set forth any facts indicating that, at the time Plaintiff was

9

arrested, Defendants lacked probable cause to believe he had committed a crime"). Wallace does not state a false arrest claim upon which relief could be granted.

## 2. Malicious Prosecution Claim

Wallace alleges that he was "indicted by the State of Tennessee [] without a probable cause." (ECF No. 41 at 2.) The Court understands Wallace to assert a "malicious prosecution" claim under the Fourth Amendment. See Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010) (noting that "[t]he Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration'") (quoting Barnes v. Wright, 449 F.3d 709, 715-16 (6th Cir. 2006)). Wallace asserts his malicious prosecution claim solely against the State of Tennessee, which is not a proper defendant in a § 1983 case. (See ECF No. 41 at 2, 4.) "[A] State is not a 'person' within the meaning of § 1983," and § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989); see also Boler v. Earley, 865 F.3d 391, 410 (6th Cir. 2017) (noting that "Section 1983 does not abrogate [the] Eleventh Amendment immunity" of the states); Grogg, 2019 WL 386973, at *2 (affirming dismissal of § 1983 claim

against the State of Tennessee because "Tennessee has not waived its Eleventh Amendment immunity" and "Congress [] has not, through § 1983, abrogated Tennessee's Eleventh Amendment immunity"). Wallace does not state a malicious prosecution claim upon which relief could be granted.

### 3. Ineffective-Assistance-of-Counsel Claim

Wallace alleges that "attorney William L. Johnson, court appointed attorney from Shelby County Jail Public Defender's Office, refuse[d] to represent Plaintiff Shernard Wallace effectively." (ECF No. 41 at 2-3.) The Court understands Wallace to assert a claim of ineffective assistance of counsel under the Sixth Amendment. See U.S. Const amend. VI (providing for "the Assistance of Counsel for [a defendant's] defence" in criminal cases). Ineffective assistance of counsel is not a cognizable claim under § 1983, which applies only to actions committed "under color of state law." West, 487 U.S. at 48. "Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." Floyd v. Cty. of Kent, 454 F. App'x 493, 497 (6th Cir. 2012) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)); see also Tillman v. Meijer Store, No. 1:15-cv-459, 2015 WL 4247786, at *2 (W.D. Mich. July 13, 2015) (dismissing § 1983 ineffective-assistance-of-counsel claim

because, "even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused") (citing Dodson, 454 U.S. at 325). Wallace does not state an ineffective-assistance-of-counsel claim upon which relief could be granted.

### 4. Conspiracy Claim

Wallace asserts that Brown, Smith, Johnson, and the State of Tennessee were "in collusion to conspire to prosecute and convict Plaintiff without a probable cause of a criminal activity" and "committ[ed] an unlawful act of scheme [under] T.C.A. 39-12-103 . . . motivated by racial discrimination, [be]cause Plaintiff was from a particular class and color group . . . ." (ECF No. 41 at 3.)

In Wallace's October 7, 2019 Second Motion for Reconsideration, filed after his Motions to Amend, he submits that he is "withdrawing from [his] claims on the Defendants William Smith, Chris Brown, the State of Tennessee & William L. Johnson of conspiracy." (ECF No. 42-1 at 1.) The Court construes Wallace's statement as a motion to withdraw his Motions to Amend as to his proposed conspiracy claim. The Court GRANTS that motion. Wallace's request for leave to add a conspiracy claim against Brown, Smith, Johnson, and the State of Tennessee is withdrawn.

## 5. **Equal Protection Claim**

Wallace alleges that Brown, Smith, Johnson, and the State of Tennessee "denied [him] equal protection of the laws [be]cause Plaintiff was from a particular class and color group." (ECF No. 41 at 3.) The Court understands Wallace to assert that his equal protection rights under the Fourteenth Amendment have been violated. See U.S. Const. amend XIV, § 1 (providing that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws"). The legal standards for a Fourteenth Amendment claim alleging unequal treatment under the law are stated in the Court's April 30, 2018 Order, which dismissed Wallace's prior equal protection claim for failure to state a claim upon which relief could be granted. (See ECF No. 15 at 4-5.)

"To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 379 (6th Cir. 2011) (quoting Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, 470 F.3d 286, 299 (6th Cir. 2006)). Wallace does not allege that he was treated disparately as compared to similarly situated persons. In his Motions to Amend,

13

Wallace asserts no facts in support of his equal protection claim. Wallace does not state an equal protection claim upon which relief could be granted.

### B. Wallace's Second Motion for Reconsideration

Wallace moves for reconsideration of the Court's prior order denying his motion for appointment of counsel. (ECF No. 42.) This is Wallace's second motion for reconsideration on this issue. He previously moved for reconsideration on July 23, 2018. (ECF No. 21.)

In his Second Motion for Reconsideration, Wallace reiterates many arguments from his prior motion for appointment of counsel and his first motion for reconsideration. (Compare ECF No. 42, with ECF Nos. 8, 21.) Wallace argues again that the Court should appoint counsel because, inter alia, he is indigent, he has limited knowledge of the law and limited access to legal materials, his case is factually and legally complex, he has demanded a jury trial, and he is unable to investigate while incarcerated. (ECF No. 42 at 1-4, 8-12.)

Wallace has not set out "a material difference in fact or law from that which was [previously] presented to the Court," or "the occurrence of new material facts or a change of law," or "a manifest failure by the Court to consider material facts or dispositive legal arguments [initially]." LR 7.3(b) (setting out the standard for a motion for reconsideration in this

District).  As discussed in the Court's prior orders, the standard for appointing counsel in a civil case is "exceptional circumstances."  Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).  In deciding whether to appoint counsel in a civil case, the Court analyzes the merits of the claim, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present his claims.  See Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Lavado, 992 F.2d at 606.  Wallace's case, after the dismissal of his other claims, asserts a single excessive force claim that is not especially complex.  Wallace has ably represented himself to this point.  Wallace has not demonstrated the exceptional circumstances necessary to warrant appointment of counsel.

## IV.  Conclusion

For the foregoing reasons, Wallace's motion to withdraw his Motions to Amend as to his proposed conspiracy claim is GRANTED. Wallace's other Motions to Amend are DENIED.  Wallace's Second Motion for Reconsideration is DENIED.


So ordered this 19th day of December, 2019.


/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE